SHARP, Judge,
dissenting.
The sisters involved in this case were declared to be dependent and were placed in the custody of H.R.S. on April 20, 1981.[1] The court entered an order of disposition requiring their father, Mr. Karnes, to maintain employment and not to remove the children from the county without application to the court or to H.R.S. In June 1982, H.R.S. filed a petition alleging the appellants (the parents) violated the prior court order. They entered into a performance agreement pursuant to section 409.-168, Florida Statutes (1981), and gave up custody of their children to H.R.S.
In January 1983, H.R.S. petitioned for termination of parental rights and permanent commitment for adoption. The court found that appellants failed to substantially comply with the performance agreement and that it was in the children’s best interest to terminate parental rights. § 409.-168, Fla.Stat. (1981). Its primary reason was appellants’ steadfast refusal to become employed:
The Court is of the opinion that Mr. and Mrs. Karnes have deliberately taken steps to avoid working and to make sure that their situation would not improve, and that therefore, they might maintain their existence living off of welfare benefits.
I agree that the evidence supports the court’s findings, but I do not think there *409 was in this case clear and convincing proof of abuse or neglect or abandonment. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Therefore, the termination of parental rights was improper. Hinkle v. Lindsey, 424 So.2d 983 (Fla. 5th DCA 1983); Carlson v. State of Florida, Department of Health and Rehabilitative Services, 378 So.2d 868 (Fla. 2d DCA 1979).

. Ch. 39, Fla.Stat. (1981).